IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE E. CARBIN, <br>              Plaintiff | ) <br> ) <br> ) |
| vs. | ) Civil Action No. 05-1608 <br> ) Judge Joy Flowers Conti/ |
| JO ANNE B. BARNHART, <br> Commissioner of Social Security <br>              Defendant | ) Magistrate Judge Amy Reynolds Hay <br> ) <br> ) |

**<u>ORDER</u>**

AND NOW, this 18th day of October, 2006, after the plaintiff, Diane E. Carbin, filed an action in the above-captioned case, and after a Report and Recommendation was filed by the United States Magistrate Judge granting the parties ten days after being served with a copy to file written objections thereto, upon consideration of objections filed by plaintiff and defendant's response, and upon independent review of the record and the motions, and upon consideration of the magistrate judge's Report and Recommendation, this court adopts the Report and Recommendation as the opinion of this Court, with the exceptions noted below and as amended by this Order.

In the objections filed by plaintiff, plaintiff objects to that portion of the Report and Recommendation in which the magistrate judge stated: "In addition, Drs. Hribar, Gause and Imbriglia assessed that Plaintiff could lift twenty-five pounds and work with limitations. (R. 180, 181, 183, 293)." (Report and Recommendation at 13). Plaintiff objects to that conclusion because 1) the record does not support a reference to Dr. Imbriglia finding lifting limitations of twenty-five pounds and 2) Dr. Gause's statement referenced that the lifting limitation of twenty-five pounds "may be appropriate," and not "is" appropriate. While the objections with respect to

the magistrate judge's conclusions may be well taken to the extent that Dr. Imbriglia did not make any specific findings with respect to the amount of pounds plaintiff could lift or her limitations and Dr. Gause used the word "may" rather than "is," the administrative law judge did not base his decision on those conclusions and the record as a whole supports the administrative law judge's decision.

     The court notes that Dr. Gause's statement can be read in one of two ways – that the limitation to twenty-five pounds was not warranted in that plaintiff could lift more than twenty-five pounds or, alternatively, that she could lift less than twenty-five pounds.  Viewed in context, however, with respect to the findings of Dr. Hribar, who concluded that plaintiff could lift twenty-five pounds, Dr. Gause's reference to that limitation implicates that Dr. Gause did not disagree with that finding; hence, Dr. Gause's reference to "may be appropriate."

     On April 3, 2003, Dr.Imbriglia noted with respect to plaintiff's post-operative visit after her first surgery that her sutures were out and that her wound was "okay." (R. at 287).  He repeated: "Splint applied.  Gentle range of motion started.  No active heavy lifting." (Id.)  The only limitation noted by Dr. Imbriglia was no active heavy lifting.  (R. at 287).  Arguably, under that limitation, light lifting would be permitted.  Dr. Imbriglia on October 16, 2003, noted with respect to the history of plaintiff's present illness: "Her pain is much better, [second] surgery was August 25.  She had about 80-90 % of normal motion with much less pain over the pisiform.  She is getting some symptoms on the left side."  (R. at 293).  The assessment of Dr. Imbriglia at that time was "[h]er right side is doing fine."  (Id.)  The plan was to "[w]atch the left side for now."  Id.  On April 8, 2004, Dr. Imbriglia saw plaintiff and did not make any findings with respect to limitations.  The plan at that time was: "Get MRI of her left wrist, rule out tear of

TFCC. Local injection of right deQuervain's, right thumb splint. Return to see me after MRI." (R. at 304). There is nothing in Dr. Imbriglia's reports which would support the limitations noted by Dr. Ryan on March 17, 2004.

Plaintiff also argued that Dr. Hribar's and Dr. Gause's opinions should not be entitled to weight by reason of those opinions having been rendered prior to plaintiff's hand surgery. The record as a whole, however, does not reflect that the administrative law judge gave any weight to the opinions of Drs. Hribar and Gause. The administrative law judge did not refer to either Dr. Hribar or Dr. Gause in his decision. The administrative law judge did not rely on the opinions of Drs. Hribar and Gause.

Plaintiff's other objections are repetitious of her arguments made in her motion for summary judgment which the magistrate judge considered and rejected. Plaintiff contests the weight given to Dr. Ryan's findings and the administrative law judge's reliance on Dr. Kumar's findings. As reflected in the record, Dr. Ryan checked a box finding plaintiff had no ability to lift and also checked boxes that plaintiff could not use her "hands" for repetitive simple grasping, pushing and pulling, or fine manipulation. (R. at 298). Those findings, however, were not supported by Dr. Ryan's own assessments and because the findings were conclusory and unsupported, the administrative law judge gave them "little weight." (R. at 18, citing Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir.1993)). As noted by the administrative law judge, plaintiff's own statements contradicted Dr. Ryan's findings, and Dr. Ryan had only identified specific difficulties with plaintiff's right hand. (R. at 19). Dr. Imbriglia's indications of approximately 90 percent normal range of motion and that plaintiff's right side was doing fine

also support the administrative law judge's determination to give little weight to the limitations checked by Dr. Ryan.

With respect to Dr. Kumar's findings, the record as a whole supports the weight the administrative law judge gave those findings. By reason of Dr. Ryan's March 2004 finding being given little weight and Dr. Imbriglia's reports after the second surgery not supporting Dr. Kumar's findings, this court finds the record as a whole supports the weight given by the administrative law judge to the findings of Dr. Kumar.

This court concludes that the magistrate judge's assessment in the Report and Recommendation that there is substantial evidence in the record to support the administrative law judge's decision is appropriate. The court, however, will delete the sentence in the Report and Recommendation regarding an assessment by Drs. Hribar, Gause and Imbriglia that plaintiff could lift twenty-five pounds and work with limitations. That sentence will be replaced with the following:

> Dr. Hribar assessed that plaintiff could lift twenty-five pounds. Dr. Gause reported that plaintiff's lifting of twenty-five pounds may be appropriate. Dr. Imbriglia in April 2003, after plaintiff's first surgery, limited plaintiff to no active heavy lifting, but otherwise did not impose any lifting restriction. Dr. Imbriglia in October 2003, after plaintiff's second surgery, indicated that plaintiff had 80 to 90 percent of normal motion and that her right side was doing fine.

IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment is denied;

IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment is granted;

       IT IS FURTHER ORDERED that the decision of the Commissioner of Social Security denying plaintiff's applications for benefits is affirmed; and

       IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if plaintiff desires to appeal from this Order she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed.R.App.P.

       By the court,

<u>/s/ Joy Flowers Conti</u>
JOY FLOWERS CONTI
United States District Judge

cc:    Honorable Amy Reynolds Hay
       United States Magistrate Judge

       Counsel of Record